UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROL and MICHAEL TIPSORD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-1339 |
| ) | |
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER AND OPINION

This matter is now before the Court on Defendant Smith & Nephew's Motion [6] for Summary Judgment. For the reasons set forth below, Defendant's Motion [6] is DENIED.

### BACKGROUND

The following facts are taken from Defendant's Statement of Undisputed Material Facts. Doc. 6-1. Plaintiff Carol Tipsord suffered from a deteriorating right hip with osteoarthritis. On January 18, 2011, Dr. Khaled Saleh, Tipsord's treating physician, performed a total hip arthroplasty on Tipsord using Smith & Nephew's R3 Acetabular System hip implant. However, in November 2011 Tipsord began experiencing pain in her right hip, and on May 15, 2012, Dr. Saleh performed a total hip arthroplasty revision surgery where the Smith & Nephew implant was removed and replaced with a new implant. Plaintiffs claim that the original R3 Acetabular System was defective, and the Complaint asserts claims by Ms. Tipsord against Smith & Nephew for negligence, strict liability, and breach of warranty. Mr. Tipsord asserts one claim against Smith & Nephew for loss of consortium.

Plaintiffs initially filed a lawsuit in this Court in 2014. In that case, Plaintiffs had not disclosed any experts or opinions to support their product liability claims by the fact discovery

1

deadline or Plaintiffs' expert disclosure deadline. Thereafter, Defendant filed a motion for summary judgment alleging that Plaintiffs had failed to produce any admissible evidence in support of their legal theories. However, before Plaintiffs' response was due, the Parties stipulated to dismissal without prejudice with the condition that any future refiling would be in the same district court. See *Tipsord v. Smith & Nephew*, No. 14-3065 (C.D. Ill. Sept. 2015). On September 12, 2016, Plaintiffs filed the Complaint in instant case. Defendant subsequently answered the Complaint and filed their Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is appropriate where the movant shows, through "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In resolving a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When presented with a motion for summary judgment, the Court must construe the record "in the light most favorable to the nonmovant and avoid[] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). If the evidence, however, is "merely colorable, or is not significantly probative or merely raises 'some metaphysical doubt as to the material facts,' summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50. Thus, in order to overcome the undisputed facts set forth in a defendants' motion for summary judgment, a plaintiff cannot rest on the allegations in his complaint but must point to affidavits, depositions

or other evidence of an admissible sort that a genuine dispute of material fact exists between parties. Fed. R. Civ. P. 56(e)(2); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

## ANALYSIS

Plaintiffs do not dispute any of the allegations in Defendant's Statement of Undisputed Material Facts. Rather, the Parties' dispute involves a question of law: Is a plaintiff entitled to conduct discovery in a subsequent case when she previously failed to conduct any discovery in before stipulating to a dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)? The Court holds that under the facts presented in this case, the answer is yes.

Defendant argues that Plaintiffs should not be allowed to "circumvent prior court-ordered expert disclosure deadlines and prior pending motions for summary judgment by simply voluntarily dismissing their case." Doc. 6-2, at 2. Defendant cites Illinois Supreme Court Rule 219(e) in support of its position. That Rule states:

> (e) Voluntary Dismissals and Prior Litigation. A party shall not be permitted to avoid compliance with discovery deadlines, orders or applicable rules by voluntarily dismissing a lawsuit. In establishing discovery deadlines and ruling on permissible discovery and testimony, the court shall consider discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party. The court may, in addition to the assessment of costs, require the party voluntarily dismissing a claim to pay an opposing party or parties reasonable expenses incurred in defending the action including but not limited to discovery expenses, expert witness fees, reproduction costs, travel expenses, postage, and phone charges.

Ill. Sup. Ct. Rule 219(e).

Defendant's reliance on Ill. Sup. Ct. Rule 219(e) is misplaced for two reasons. First, the nature of Rule 219 and the dearth of Illinois federal courts applying it in diversity cases suggests that Rule 219 is procedural, and thus inapplicable under *Erie R. Co. v. Tompkins* and its progeny. 304 U.S. 64 (1938); see also *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 755 (7th Cir. 1994) ("Brandt also moved for sanctions under Illinois Supreme Court Rule 219(c)(vi). Not surprisingly, the District Court

3

ruled that relief under that provision was unavailable in federal court."); *Grant Importing & Distrib. Co., Inc. v. Amtec Int'l of N.Y. Corp.*, No. 09-6118, 2010 WL 706042, at *4 (N.D. Ill. Feb. 24, 2010) ("Rule 219(e) relates only to discovery, and therefore has no relevance in this case.").

Notably, the single case Defendant cites to support its proposition that federal courts "adopt[] and apply[] Illinois Supreme Court Rule 219(e)" actually held that a plaintiff's attempt to add a new claim in a refiled action was barred by the statute of limitations. *Schrott v. Bristol-Myers Squibb Co.*, No. 03 C 1522, 2003 U.S. Dist. LEXIS 18890, at *12 (N.D. Ill. Oct. 22, 2003). And statutes of limitation have been considered substantive even before *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945). Second, even if Rule 219(e) is considered a substantive rule, summary judgment on this basis alone is not mandated because the rule is discretionary: "In establishing discovery deadlines and ruling on permissible discovery and testimony, the court *shall consider* discovery undertaken (or the absence of same), any misconduct, and orders entered in prior litigation involving a party." Ill. Sup. Ct. Rule 219(e) (emphasis added).

Aside from the inapplicability of Rule 219(e), Defendant's argument that Plaintiffs should not be allowed to "circumvent prior court-ordered expert disclosure deadlines and prior pending motions for summary judgment by simply voluntarily dismissing their case" misstates the nature of the dismissal in the prior action. In federal court, voluntary dismissals are governed under Rule 41 of the Federal Rules of Civil Procedure. That Rule provides:

 **(a) Voluntary Dismissal.**
  **(1)** *By the Plaintiff.*
   **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

4

    **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
    **(ii)** a stipulation of dismissal signed by all parties who have appeared.
  **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
**(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41.

Once Defendant filed its motion for summary judgment in the prior case, Plaintiffs' unilateral right to voluntarily dismiss the action without prejudice terminated. Fed. R. Civ. P. 41(a)(1)(A)(ii). Thus, Plaintiffs could voluntarily dismiss only by stipulation under Rule 41(a)(1)(A)(ii) or by moving the Court for an order under Rule 41(a)(2). Here, the Parties agreed to a stipulated dismissal where Defendant was free to—and did—impose conditions upon that dismissal. Specifically, the Parties agreed that any future refiling would be in this Court.[1] Defendant was free to decline the offer to stipulate and require Plaintiffs to respond to the pending summary judgment motion. Alternatively, Defendant could have conditioned the stipulation on the requirement that no additional discovery would be allowed in any refiled case and the first issue to be addressed would be Defendant's prior summary judgment motion. In fact, counsel for Defendant made a similar request in response to a Rule 41(a)(2) motion for dismissal in a prior case, which the Court granted. See *Cochran v. Smith & Nephew*, No. 14-1264 (C.D. Ill. 2014) ("In the event Ms. Cochran refiles her lawsuit, Smith & Nephew, Inc. requests

---

[1] Although the Parties filed a proposed order with their stipulation, Rule 41(a)(1)(A) allows for voluntary dismissal without the Court's consent.

5

that discovery be stayed and the very first and initial matter to be addressed by the Court be the statute of limitations issue.").

In sum, Plaintiffs did not "circumvent prior court-ordered expert disclosure deadlines and prior pending motions for summary judgment by simply voluntarily dismissing their case." Rather, the Parties negotiated the terms of the dismissal at arms-length, and stipulated that any refiling would be in the same court. To construe that stipulation now as adding the unstated condition that a refiled case would start off where the last one ended would give the Defendant a benefit that was never bargained for, and could legally prejudice Plaintiffs by "severely circumscrib[ing] the plaintiff[s'] ability to reinitiate [their] lawsuit." *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1023 (1991) (noting that plaintiff may appeal voluntary dismissal if conditions imposed on dismissal legally prejudice the plaintiff). Accordingly, Defendant's Motion for Summary Judgment is denied at this time. However, nothing in this Opinion is meant to limit the Magistrate Judge's discretion over the discovery schedule or scope of discovery, where he may consider the discovery—or lack thereof—undertaken in the prior action.

## CONCLUSION

For the reasons stated above, Defendant's Motion [6] for Summary Judgment is DENIED.

Signed on this 24th day of May, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
